Case number 16-3121, United States of America v. Juan Pettis McLendon Appellant. Mr. Katzhoff for the appellant, Mr. Knoll for the appellate. Mr. Katzhoff, good morning. Good morning. Howard Katzhoff, appearing on behalf of Juan McLendon. This is an appeal that arises from the denial of a 2255 petition by Mr. McLendon before the district court. Certificate of appealability was granted by the district court. The issue is whether the district court erred in denying ineffective assistance of counsel claims relating to speedy trial act errors by both trial counsel and appellate counsel. The conviction in Mr. McLendon's case occurred after the third trial. The first two trials resulted in mistrials. The first one, there was acquittal on three counts, I believe an MJOA on one count and mistrial declared on the remaining counts. The second trial, there was a mistrial on all counts. He was convicted on the third count. Prior to the first trial, there was a speedy trial act violation. Mr. Katzoff, let me just interrupt you and ask, if we assume that there was a speedy trial act violation, and then we assume that both trial and appellate counsel were deficient in not raising it, if we just assume that, could you address what prejudice occurred, how there would be a different result? First of all, separate and apart from exactly what the prejudice is, there's a problem in that the district court didn't adequately set out what the prejudice is in terms of this Court's ability to review what the district court was thinking. But he said that the dismissal would have been without prejudice and that the government would have reindicted. And your client would have been in exactly the same position, which is he still has to face trial on those charges. The district court judge said that in a somewhat summary fashion, but didn't consider even the issues that were discussed in Miller and I believe in Marshall, that even in a dismissal without prejudice, the Court needs to address the implications of a dismissal without prejudice. Right, whether it makes any difference. And in a case where the government just reindicts the next day, makes no difference. Well, it does make a difference in this case. First of all, there's a liberty interest, and that wasn't considered at all by the district court. Well, liberty interest would be impaired if we make all these assumptions. Immediately, Mr. McClendon was detained. And immediately, if the cases were dismissed as they should have been, Mr. McClendon would have been released. The next thing is... If the cases were dismissed. If the cases were dismissed, a release order would be issued. An immediate reindictment. Well, indicted as quickly as the government could, assuming that's the case. But that's making assumptions. So the district court raises the Speedy Trial Act concern on January 4th. And by January 7th or 8th at the status conference, the government already has a new indictment. We can talk about whether it's premature or not, but that shows pretty clearly that, A, they would have gotten it, and, B, they would have gotten it almost instantaneously. Well, you know, it seems under the facts of this case that they were going to get it as quickly as they could, depending on when the grand jury sits. But if Mr. McClendon is released for a day, for a week, it changes the calculation for him in terms of whether he gets bombed, whether he stays out. If they reindict and he surrenders, he's entitled to a new bond hearing. He's entitled to be considered for release. You know. Is there any reason to think he wouldn't have been subjected to pretrial detention on a new indictment, as he was in the original one? He had virtually no record. He had serious charges. And so someone was distributing 50 grams of crack with weapons. Exactly. He was arrested and charged on a detainable offense, one in which the government would clearly seek detention where there would be a rebuttable presumption. But surrendering, you know, having the opportunity to be released, to surrender himself and to show compliance and show that there are conditions that can be set can go a long way in this kind of situation, even for a drug distribution charge such as this. So if he's released, that affects his ability to, you know, come in through the front door, which helps in terms of trial. And we already know that the government didn't get a conviction for the first two trials. It took three trials. So it's not like it was a slam dunk to begin with. So any benefit, even a small benefit, tends to tip that prejudice standard. I'm sorry. How does that ‑‑ I understand your point about a liberty interest for whatever small amount of time he might have been out. But how does this impact his ability to defend on the later trial? Well, historically it's just defendants who are able to come in, not from the back door and in an orange suit and have to change into some clothing, tends to help in terms of the ability to locate witnesses, things that often trial, counsel and investigators can't do as well, the presentation, being able to come in through the front door and sit. Oftentimes defendants are more relaxed. They don't have to get up at the jail at 3 o'clock in the morning, be exhausted, be inattentive at counsel table. There are huge differences. That would all be dependent upon his having obtained a bond. That's true. There's no reason, is there, to believe that he's any more bondable if the first dismissal was without prejudice than if it was with prejudice or by virtue. I mean, of course, if it was with prejudice, there wouldn't be any indictment. But here it's going to be without prejudice. We can assume that. I mean, the judge said that. He's already been through that. And while I agree with you that strategically, I would much rather have had a client who was not in jail than had one who was in the jail. That all depends on him making bonds when he's not been able to make bonds before. Why should we believe he would be bondable just because the first indictment was dismissed in one fashion as opposed to it being the only indictment? Because it happens, because it's a factor that has influenced courts in the past. When someone is released, they comply. They show that they have a certain level of responsibility. You really think they would have let him out of their sight as this case unfolded? I mean, he would not have gotten out of the courthouse without being rearrested, would he? Well, you know, that's part of the government's strategy in trying to issue a superseding and bypass the Speedy Trial Act. So that didn't happen. But if things work the way they're supposed to, if a dismissal is entered and a dismissal order is entered as it's supposed to, that goes to the marshals, that goes to the jail, and he should be released that day. It's unlikely, if the judge did what he was supposed to do, that Mr. McClendon would not have been released to the community to prove himself. And the court has not made any findings as to whether, what the court. But he found there was no prejudice. He may not have mentioned that specific conjecture, but he found there was no prejudice. That's right. In a summary fashion, he, the district court. Summary fashion is your characterization. How about a terse fashion? Well, I'll accept that. My point is that it wasn't detailed in a way. In fact, you know, at the time that the decision was made initially, there were no reasons put on the record. And then there was some analysis in the, you know, obviously that came along with the denial of the 2255, where he did in a terse fashion address the three factors, but didn't address the non-trial factors. It seemed to just address the trial factor and some terse or summary belief that it would have resulted in a conviction without going through an analysis. That included the possible liberty interest, the possible release of Ms. McClendon, the possible benefit in a close case to Mr. McClendon in a trial that took three trials to be convicted of. And so it's Ms. McClendon's position, obviously, that at a minimum, that the matter has to be remanded for the court to at least review those factors and review the implication of a dismissal without prejudice if this court determines that that's where things should lie. But the district court would still need to make those determinations regarding the implication of that dismissal with regard to the Speedy Trial Act and also with regard to whether it results in strickling prejudice. And more importantly, as in Miller, it was discussed that that's an unresolved issue in this circuit, and that has been the practice where the record is not clear with regard to that particular issue, whether a dismissal without prejudice can constitute strickling prejudice. And I would submit in this case the factors that we've discussed in the brief and discussed here support a finding that it would lend to strong arguments for strickling prejudice. Could I take you a step back and ask about whether or not there's a Speedy Trial Act violation at all? So let's assume that you are right about all of the counting issues. So we're at a point in January, the 70-day clock has expired, but the way the statute works, the defendant can still be tried if two things happen. One is that the first indictment is dismissed without prejudice, and the second is the government re-indicts on the same charges. And it's perfectly clear that can happen in that order. Why does it violate the statute if the government, as a protective matter, just flips the order and gets the new indictment immediately before the dismissal rather than immediately after, which is what happened here? The problem is that in January 8th, at the time the matter's being addressed, both of those indictments are out of time under the Speedy Trial Clause, because the same Speedy Trial Clause... No, but the second one is in a different case. It's a new case. It's not a superseding indictment in the original case. It's a new case number, but it has the identical charges under Rule 45.1 and under... It would get a new clock if it were filed one day after a dismissal without prejudice of the original case, 98-320, whatever it was. I believe that Marshall and I believe that 45.1 in the Speedy Trial Act plan suggests that that's not the appropriate way that it should be characterized... If it's a superseding indictment in the original case. Correct. But it's identical to a superseding indictment. It's an identical indictment in the Speedy Trial Act, I don't believe, is intended to contemplate that kind of manipulation by the government. And so I would submit that... I mean, is it manipulation? It's absolutely manipulation. It's an extension of another... It's 140 days instead of 70 days by inviting the... The government can do the same thing immediately after the dismissal. If they persuade the court to dismiss the first case without prejudice, they can do exactly the same thing one second after the dismissal. So, I mean, it just seems like all that's going on is the government is trying to line up their ducks so that they can ensure that detention is preserved without a gap. And I'm not sure that's a manipulation. Well, I mean, it's part of my argument that it is a manipulation. And, you know, if the Speedy Trial Act is intended that if it's... You're not at trial 70 days less the excludable or, you know, including the excludable time, and you hit the 70th day, 71st day... I understand. It should be dismissed. I understand there's something jarring about restarting the clock. But the statute allows that if the government persuades the court to dismiss without prejudice. So what you're proposing is that in tandem, there is a new indictment and a motion or something to convince the court that the first one should be dismissed. Right. And that the second one shouldn't be dismissed at all. And I believe there's strong argument that the second one would have to be dismissed if it's an identical, absolutely identical indictment. It would have to be dismissed at that point on motion. And the government would have to figure out how to proceed. All right. We'll give you a couple of minutes in response. Thank you. Good morning, and may it please the court. Daniel Honnold for the United States. This court should affirm the judgment of the district court because the district court correctly held that appellant failed to demonstrate any sufficient strickland prejudice from either of his attorney's handlings of the Speedy Trial Act issues in this case. Beginning with the issues related to trial counsel related to the Speedy Trial Act, the judge clearly held, the district court clearly held that any dismissal in this matter from any purported violation of the Speedy Trial Act would have been without prejudice. And he did not abuse his discretion in so holding. He clearly articulated the three statutory factors and found that each of them favored dismissal without prejudice. As a result, against that backdrop, the district court found that the appellant was unable to demonstrate any prejudice related to the loss of an opportunity of a dismissal without prejudice. And for just the reasons that Judge Katz has mentioned earlier this morning, that is correct. The government clearly would have re-indicted this defendant and would have proceeded to conviction of this defendant in just the exact same way that it had, even without what would have been a dismissal without prejudice. Appellant can point to nothing more than the minor impairment of what he characterizes as a liberty interest in the release of a couple days time at most between the time when a dismissal without prejudice would have been entered and the time when the new indictment would have been issued. Nobody has asked this, and I don't know that it's particularly germane, but if there were no indictment pending, if you hadn't got the second indictment yet and he were released off the first without prejudice, could he be re-arrested under a warrant before an indictment was returned? Your Honor, I don't know the answer to that question, but my suspicion is that the government would have sought at the first possible moment to obtain a new indictment. I understand that, but we're talking about applying a law that applies in a lot of districts that don't have grand jury meetings very often, where that would not be possible. Would there be any reason why you couldn't just take the agent down, you've got probable cause obviously, and get a warrant and arrest him to hold him until you got the indictment? It's possible, Your Honor, but I don't know the answer to that. Okay. But what's safe to say is that the liberty interest that the appellant points to at most would have been a liberty impairment of a couple of days and would not have, as Strickland analysis requires, done anything to alter or impact the outcome of the proceeding as a whole, which was the case and not simply the dismissal of the indictment in 98CR320. And absent any other showing that anything related to that delay or anything related to the Speedy Trial Act would have changed the outcome, there can be no finding of Strickland prejudice, which is what the court found here. Similarly, for the same reasons, any dismissal of the indictment without prejudice following a remand from a direct appeal raising Speedy Trial Act issues would not have altered the outcome of the case. The government would have done the exact same thing just a few years later and re-indicted the case due to conviction at that point. There's nothing to indicate that the quality of the evidence or the government's ability to proceed would have changed or been altered in any way, and so the government would have proceeded exactly the same way. Finally, with respect to the loss of or alleged deficiency or prejudice with the loss of the ineffective assistance of counsel claim on direct appeal, there's clearly no prejudice here as the appellant has, as we've heard today, been able to raise that exact same claim before the court on this 2255. And so, Your Honors, hearing no questions from the panel. Could I just ask, do you have a view on the Speedy Trial Act question that I was engaging your opponent on? Your Honor, the government did not press the point that Your Honor makes, which is that having secured the indictment prior to the dismissal would have been sufficient to alleviate any issues under the Speedy Trial Act. And because we didn't press that issue, I'm hesitant to take it up here at argument today, but would potentially reserve it for future argument when we have raised that below. Okay. I appreciate that. Thank you, Your Honor. All right. Thank you. And so we would submit on briefs and ask that this Court affirm the judgment of the district court. Thank you. Thank you. All right. Why don't you take two minutes? Your Honor, I don't think I have time remaining, but I was going to address Judge Katz's issue just briefly. In my understanding of the Speedy Trial Act, a speed trial plan is the controlling language that under the circumstances in our case, if after an indictment or information has been filed, a complaint indictment or information is filed, which charges them. I'm sorry, what text are you reading from? I'm reading from the Speedy Trial Plan of the U.S. District Court for the District of Columbia, 45.1. And I think that I looked and I did not, unfortunately, include it in the addendum as reference, but I did not include it in the addendum. I realized that when I was preparing for the argument only. Could you speak up, please? I'm sorry. I didn't hear the end of what you were saying. I'm sorry. Local criminal rule 45.1 of the Speedy Trial Plan of the U.S. District Court for the District of Columbia. I apologize that that was omitted from the addendum. It sets out under subsection eight, page 10, certain time limits that apply. And under 8D, small d, superseding charges, is the language I was reading from where it says that where indictment or information has been filed and then a subsequent indictment or complaint or whatever is filed based on charging the same offense or offenses or requiring to be joined in the offense, then the applicable time limit will be determined as follows. And it says if the original indictment is pending at the time of subsequent charges filed, the trial should commence within the time limit for commencement of trial on the original indictment. So that's the basis for my argument that it doesn't it can't trigger new on that day on January 8th. Both have to be dismissed under this analysis, which I think would be upheld by courts based on at least the way Marshall, I think, was one of the cases. Clarence Marshall, I think, a 1991 case that addressed the issue of whether indictments charging the same offenses carry the same speed trial time. So on January 8th, there was no choice. The only remedy was dismissal of both, and the trial judge didn't do that. But, Mr. Katzoff, before you sit down, you were appointed to represent the defendant, and we want to thank you for your assistance. And let me just go a little further and say I was concerned. It's ironic we're talking about the Speedy Trial Act here because this case has gone on for 19 years and it wasn't until you came into it. And as I understand it, 2012, that the district court four years later issued an order. It was then three years getting up to us. And I just want to say you've done an especially good job in getting this very long case, overlong case. Appreciate it. Thank you. Have a good day.
judges: Henderson, Katsas, Sentelle